UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TERRY L. EDWARDS, JR.                                              PETITIONER

V.                                              CIVIL ACTION NO.1:07CV78-MPM-JAD

STATE OF MISSISSIPPI                                              RESPONDENTS

REPORT AND RECOMMENDATION

Terry Edwards was sentenced to two years on a third offense DUI. His sentence included a three year period of post-release supervision. Edwards was released prior to the expiration of his sentence on what is known as earned release supervision. By statute Edwards would remain in 'inmate' status while out on earned release until the expiration of his sentence. A month after his release he was charged with aggravated assault and the Mississippi Department of Corrections returned him to custody. Edwards served another two months to complete his two year sentence. Edwards then appeared before the circuit court and pled guilty to the aggravated assault charge. Over Edwards' objection, the trial judge revoked his post-release supervision and sentenced him to serve the balance of the three year post-supervision release because the aggravated assault was a violation of the post-release supervision. The trial judge determined that when Edwards was released from incarceration he was on post-supervision release. The majority of the Mississippi Court of Appeals agreed that the trial court had correctly applied Mississippi law. Several of its members dissented.

The petition presents an interesting, unusual factual scenario, but this court cannot consider the merits because Edwards has failed to exhaust his state remedies. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not

be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

Mississippi has a two tiered appellate system. While all appeals are initially docketed with the Mississippi Supreme Court, many cases, including Edwards' habeas appeal, are diverted to the Mississippi Court of Appeals. Mississippi law provides for discretionary review of the decisions of the Mississippi Court of Appeals by writ of certiorari to the Mississippi Supreme Court. The first step under Mississippi law in seeking discretionary review is the filing of a motion for a rehearing within 14 days with the Mississippi Court of Appeals. M.R.A.P 17(b) and 40(a). The petition for writ of certiorari must be filed within fourteen days of the decision on the motion for rehearing. Edwards motion for rehearing was denied as untimely, terminating his appeal. The United States Supreme Court has held that the considerations of state and federal comity, that are the basis for the requirement of exhaustion, require a prisoner to pursue a discretionary review with the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Edwards argues that the issues have been 'presented' to the Mississippi Supreme Court because all appeals are initially docketed with the Mississippi Supreme Court. This is simply not true. The manner in which the cases are divided between the Mississippi Supreme Court and the Mississippi Court of Appeals is decided partially by statute. Some cases must be heard by the Mississippi Supreme Court. *M.R.A.P. 16(b)*. The Mississippi Supreme Court may decide at any point prior to issuance of an opinion to transfer a case to the Mississippi Court of Appeals. *M.R.A.P. 16(c),* but the initial assignment of cases is handled by the clerk of the court, subject to the directions of the court. The decision to assign his case to the court of appeals was likely handled by the clerk's office, but regardless, a decision on the assignment of a case is not a decision on the merits. By

failing to pursue discretionary review with the Mississippi Supreme Court, Edwards has failed to exhaust his state remedies. Since the time for seeking discretionary review has long since elapsed and Mississippi law prohibits a successive petition, he cannot return to the state court to exhaust his remedies.

Edwards has not attempted to show any good cause to excuse his failure to exhaust his state court remedies. In the absence of such a showing it is not necessary for the consider whether the petitioner has been prejudiced. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996)

Accordingly the undersigned recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 18th day of July, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE